**HERMANN v INDUSTRIAL COMMISSION**

Ohio Appeals, 1st Dist, Hamilton Co

No 5438. Decided June 13, 1938

Davies, Hoover & Beall, Cincinnati, for appellee.

Herbert S. Duffy, Columbus, and Earl T. Wagner, Cincinnati, for appellant.

**OPINION**

By HAMILTON, J.

Sarah Hermann, widow of Nicholas Hermann, filed a claim with the Industrial Commission of Ohio, based upon the death of her husband, who she claimed died as a result of an injury sustained in the course of his employment, as an employee of The Cincinnati Milling Machine Company.

The claim was denied by the Industrial Commission, and on appeal to the court of Common Pleas, that court found in favor of the claimant. From that finding, the Commission appeals to this court.

The assignment of errors charges the refusal of the trial court to direct a verdict for the defendant, appellant here, and that the verdict is manifestly against the evidence, and contrary to law.

The record discloses that the cause of death was arthritis, with acute dilation of the heart as a contributing cause.

Claimant sought to show that there was a causal connection between an injury to decedent's knee, which it was claimed he received while at work in the factory, and his death. If this was established, it would justify the verdict.

It is very difficult to find in the evidence any proof of such connection or contributing cause. The only supporting statement was by the attending doctor, Dr. F. H. Harris, who stated that the man was suffering from an injured knee and traumatic arthritis. That arthritis often affects the heart. That his theory was, that the man may have developed an embolus or thrombus from the knee injury, the clot might have gotten into the blood stream and stopped circulation in the heart. He further testified, although he signed the death certificate, he did not know what caused his death, nor could he trace through the blood stream the clot or particle to the heart.

Enough has been stated to show the uncertainty of the proof as to the knee injury as a contributing cause of death. We do not feel the jury was justified in returning a verdict for plaintiff on the evidence on this point.

However, claimant wholly failed to produce any evidence that the claimed injury to the knee was received in the course of the employment. In the absence of proof that the knee injury was received in the course of the employment there could be no basis for the jury's verdict in favor of claimant, since the knee injury is the sole reliance upon which to show a causal connection between the death and the employment.

Appellee states in the brief the following: "On or about Oct. 10th, 1931, he sustained an injury to his right knee when he bumped it against a piece of metal which he was placing on his machine."

We find no evidence to support this statement and the failure to produce such proof is fatal to the claim.

The trial court should have directed a verdict in favor of the Industrial Commission, and the refusal to grant such motion was reversible error.

The judgment will be reversed, and final judgment will be entered in this court in favor of the appellant.

ROSS, PJ, and MATTHEWS, J, concur.